UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                       )<br>)<br>ALAN FISCHER III,                  )<br>    also known as "AJ,"           )<br>)<br>Defendant.                     ) | Case No. 1:22-CR-00011 (RJL) |

**MOTION TO STAY DEFENDANT'S TRANSFER BY THE U.S. MARSHALS SERVICE FROM PINELLAS COUNTY JAIL, FLORIDA TO WASHINGTON, DC**

Defendant, ALAN FISCHER III, also known as "AJ," by and through undersigned counsel, respectfully moves this Court pursuant to his right to counsel under the Sixth Amendment to the United States Constitution; Fed. R. Crim. P. 10 and 16; the Bail Reform Act of 1984, and 28 U.S.C. § 561 and **§** 566, to order the U.S. Marshals Service to not transfer Mr. Fischer from the Pinellas County jail in Florida to the jail facility in Washington, D.C. The Government deferred to the U.S. Marshals Service if there should be any objection to this motion. Mr. Fischer requests this Court to issue the attached proposed order, and submits the following in support of his request:

   **I.   PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Mr. Fischer voluntarily surrendered to the Tampa FBI office upon notification of an arrest warrant on January 13, 2022 (1:22−mj−00012−GMH−1 at ECF No. 5). His initial appearance was on January 14, 2022 (M.D. Fla. 8:22-mj-01043-JSS at ECF No. 6). The Pretrial Services Report provided to the Public Defender on January 14, 2022 recommended release. Magistrate Sneed denied bail and her order denying Mr. Fischer's release was filed on January

14, 2022 (M.D. Fla. 8:22-mj-01043-JSS at ECF No. 7). On January 14, 2022 Magistrate Judge Sneed ordered that "The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant." (M.D. Fla 8:22-mj-01043-JSS ECF No. 8). The M.D. Fla. docket was then closed.  On January 25, 2022, the Government motion to waive Speedy Trial, objected to by defense, was granted by minute order. (1:22−mj−00012−GMH−1). Mr. Fischer's indictment that lists five (5) felony offenses and two (2) misdemeanor offenses was entered on February 14, 2022 (1:22-cr-00011-RJL-3 at ECF No. 32). No date has been set for Mr. Fischer's arraignment, but it is expected to be in March 2022. Mr. Fischer remains in the Pinellas County, Florida jail since January 13, 2022.

      Mr. Fisher's defense counsel practices law with a law office located in the Middle District of Florida. Discovery will consist of reviewing volumes of data in document or video form. Sensitive materials require oversight for the Defendant's review. Defense access to discovery began on February 17, 2022. (1:22-cr-00011-RJL at ECF No. 36). The AUSA reached out to the Marshals Service on February 25, 2022 and has received no response one way or the other regarding this matter.

## II. LEGAL STANDARDS

      Under Fed. R. Crim. P. 5(c)(3)(D), the Magistrate must transfer the defendant who is denied bond to the district where the alleged offense was allegedly committed.

      With original jurisdiction over the case, this Court has the authority to revoke or stay the M.D. of Fla. Magistrate's order (M.D. Fla 8:22-mj-01043-JSS ECF No. 8) to transfer the Defendant from Florida to Washington D.C.

Mr. Fischer's right to have assistance of counsel in his defense is guaranteed by the Sixth Amendment to the U.S. Constitution.

28 U.S.C. § 561 and § 566, and associated regulations, give the U.S. Marshals Service responsibility for the care and transport of pretrial prisoners.

Fed. R. Crim. P. 10 states the Defendant's arraignment must be conducted in open court after indictment and may be conducted using video teleconferencing.

Under Fed. R. Crim. P. 16, the Defendant participates in discovery.

Under the Bail Reform Act of 1984, "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).

### III.  ARGUMENT

**A.  A Stay for Transfer Supports the Defendant's Right to Counsel as his Basic Right That Includes All Phases of Trial Preparation and the Trial**

Mr. Fischer was denied bail and currently resides in the Pinellas County jail. The undersigned is his private counsel of choice whose law practice includes Pinellas County, as well as the greater Tampa area in Florida. The Pinellas County jail advises that in the beginning of March 2022 it will reinstate in-person visits between attorneys and clients, and regular visitation will restart. Since becoming Mr. Fischer's defense counsel, the undersigned has been unable to meet him in person or to review legal documents face-to-face. The Pinellas jail officials advised in the last ten days that in-person visits are being restarted in March 2022. While video calls generally are available and suffice for short discussions here in Florida, Mr. Fischer's transfer to

the D.C. jail facility will greatly limit in-person attorney visits and will incur significant expense for travel to visit (should visits be allowed, they will still be subject to last minute cancellation as are flights). The expenses would continue over the many months until trial since there will be no speedy trial.

A significant issue is that attorney access to prisoners in the D.C. jail continues to be reported by attorneys as problematic. Reports indicate phones are unreliable and go "out of service." And although Mr. Fischer may be financially eligible for a public defender from the D.C. pool, should any be available who are not carrying heavy caseloads, he should not be forced into that decision due to lack of access to chosen counsel.

Covid-19 measures to run safe court trials combined with the volume of discovery surrounding January 6 cases resulted in waiver of a Speedy Trial over objection. Mr. Fischer's trial is thus on the distant horizon. He is not required to be present any time soon in the Washington, D.C. area. This makes his transfer to Washington, D.C. unnecessary now.

Mr. Fischer intends to actively participate in the discovery process. Discovery requires that Mr. Fischer review materials and be able to discuss them in person with his attorney during regular meetings. Attorney-client meetings prior to any hearings and motions will become available in Florida and cannot be guaranteed in Washington, D.C., and not without substantial expense.

Because of the above, the Court should stay Mr. Fischer's transfer from the Pinellas County Jail in Florida to preserve the Defendant's Sixth Amendment Right to Counsel.

**B.  Transfer Should Be Stayed to Ensure Mr. Fischer's Availability for Arraignment, Hearings, and Discovery**

4

Transfer can take a length of time (many weeks) that will remove Mr. Fischer not only from access to counsel as he is moved to and from transfer points, but may impede his presence for arraignment, hearings, and discovery. There is no near- term requirement for Mr. Fischer to attend court in-person in Washington, D.C. As such, there is no urgency in moving him to the D.C. jail.

Within days the defense will be submitting a motion for the Court to revoke the M.D. Fla. Magistrate's denial of bail and to allow release.  A hearing may be requested and Mr. Fischer's presence at that hearing is required. Were he to be in transit via the U.S. Marshals routing, Mr. Fischer will be unavailable to attend a matter of personal importance. His release, should the Court allow it, can be delayed unnecessarily.  If the Court decides to order Mr. Fischer's release, it is prudent, both economically and for manpower resource, to stay any transfer until after the matter of release is settled.

Because there is no urgent requirement to move Mr. Fischer to D.C., with his trial many months down the road and his physical presence is not required in the courtroom, Mr. Fischer's transfer should be revoked or stayed until further orders from the court to ensure his availability for arraignment, hearings, and discovery.

**C.  Mr. Fischer's Transfer to the D.C. Jail should be Stayed as a Matter of Humanitarian Consideration**

Covid-19 placed hardships on most Americans, including those in jail and their families. In-person visitations have been eliminated or severely reduced. Prisoners such as Mr. Fischer and those in the D.C. jail are locked in cells and only allowed out at most for a couple of hours daily. They enjoy no sunlight or view of the heavens. For those in pretrial detention, the love from family and friends is of the utmost importance. They lost their liberty, and with Covid-

5

19, lost even the privilege of seeing the faces of loved ones in person. Likewise, for family members and friends, fear about the well-being of their loved one who is in jail places a shadow over their waking moments and causes inability to sleep. They worry if their loved one suffers daily. Now that the Pinellas County jail will be restarting in-person visitation, it will be most humane of this Court to stay transfer so that Mr. Fischer can receive family and friends visits in-person.

Because it would be prohibitively expensive for Mr. Fischer's family and friends to regularly visit him in the D.C. jail, should that even be possible, and because there is no requirement at this time for him to be in D.C., it will be humane for this Court to stay Mr. Fischer's transfer from Florida to D.C.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, and any that may be provided in any reply, and any others this Court deems just and proper, Defendant through counsel, respectfully requests that this court issue the attached proposed order to stay any transfer of Mr. Fischer from Florida to Washington D.C. by the U.S. Marshals Service.

Dated February 27, 2022  Respectfully submitted,

/s/ Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

On this 27th day of February 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney