UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CASE NO. 22-CR-11 (RJL)** |
| : | |
| **ALAN FISCHER III,** : | |
| **Defendant.** : | |

**GOVERNMENT'S MEMORANDUM IN RESPONSE
TO DEFENDANT'S MOTION FOR RELEASE
AND STAY OF TRANSFER**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to defendant Alan Fischer's Motion to Stay Transfer, ECF No. 37, the defendant's Motion for Release, ECF No. 38, and in response to the Court's order for the government's position on whether the defendant may appear by videoconference for arraignment in the above-referenced matter. For the reasons set forth below, the government (1) does not oppose the defendant's release, subject to conductions; (2) does not oppose the defendant's motion to stay transfer, which will be mooted by his release from custody; and (3) consents to the defendant's appearance by videoconference for arraignment in the above-captioned matter.

On January 13, 2022, defendant Alan Fischer III was arrested in his home state of Florida on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge G. Michael Harvey in connection with a complaint charging the defendant with (1) Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); (3) Entering or Remaining in any Restricted Building or

1

Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); (4) Disorderly and Disruptive Conduct in any Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); (5) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A); (6) Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and (7) an Act of Physical Violence in the Capitol Grounds of Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

On January 14, 2022, during the defendant's initial appearance in the Middle District of Florida, the government made an oral motion to detain the defendant without bond pending trial pursuant to 18 U.S.C. §§ 3142(e), (f)(1)(A), and (f)(1)(E). A detention hearing was held on January 14, 2022, during which Magistrate Judge Julie S. Sneed granted the government's detention motion and issued an order detaining the defendant. The defendant's detention was based in part on his July 28, 2019, arrest for (1) resisting an officer arrest with violence; (2) offenses against police animals/touch or strike; and (3) battery on law enforcement officer – non-serious injury.

On February 9, 2022, an indictment was filed in this district charging the defendant with (1) Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); (3) Entering or Remaining in any Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); (4) Disorderly and Disruptive Conduct in any Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); (5) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous

Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A); (6) Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and (7) an Act of Physical Violence in the Capitol Grounds of Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

Since the defendant's detention hearing, the government has received and reviewed additional information related to the defendant's July 2019 arrest, some of which is discussed in the defendant's release motion. While the government does not agree with the defendant's recitation of defendant's conduct on January 6, 2021, given this new information about his prior arrest, the government does not oppose the defendant's release from custody subject to the following conditions: the defendant: (1) not violate state, federal, or local law; (2) cooperate in the collection of a DNA sample if authorized by statute; (3) advise the court or Pretrial Services before changing residence or phone number; (4) appear in court as required; (5) submit to supervision by Pretrial Services; (6) continue or actively seek employment; (7) surrender any passport; (8) notify Pretrial Services of travel outside the Middle District of Florida; (8) obtain Court approval for travel outside of the continental United States; (9) stay away from Washington D.C. except for court-related appearances, (10) not possess a firearm, destructive device or other weapons; (11) not use alcohol excessively; (12) not use or unlawfully possess a narcotic drug or other controlled substances; and (13) be subject to a curfew as directed by Pretrial Services.

Given this, the government does not oppose the defendant's motion to stay his transfer, which upon his release from custody, will be moot.

Furthermore, the government consents to the defendant appearance by videoconference for his arraignment in the above-captioned case.

**CONCLUSION**

For the foregoing reasons, the government does not oppose the defendant's release on the above-described conditions or his appearance by videoconference for arraignment.

Respectfully submitted,

Matthew M. Graves
United States Attorney

*/s/ Nadia E. Moore*
Nadia E. Moore
NY Bar No. 4826566
Assistant United States Attorney
271 Cadman Plaza
Brooklyn, NY 11201
(718) 254-6362
Nadia.Moore@usdoj.gov