UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-CR-11 (RJL) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. §§ 231(a)(3) and 2 |
| | : | (Civil Disorder) |
| ZACHARY JOHNSON, | : | 18 U.S.C. §§ 111(a)(1) and (b) and 2 |
| DION RAJEWSKI, | : | (Assaulting, Resisting, or Impeding |
| ALAN FISCHER III, | : | Certain Officers Using a Dangerous |
|     also known as "AJ," | : | Weapon) |
| BRIAN BOELE, and | : | 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) and 2 |
| JAMES BRETT IV, | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
|     Defendants. | : | Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(2) and (b)(1)A) and 2 |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(1) and 2 |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) and 2 |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds) |
| | : | 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) and 2 |
| | : | (Engaging in Physical Violence in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 40 U.S.C. § 5104(e)(2)(D) and 2 |
| | : | (Disorderly Conduct in the Capitol |
| | : | Grounds or Buildings) |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | (Act of Physical Violence in the Capitol |
| | : | Grounds or Buildings) |

## MOTION TO SEAL INDICTMENT

The United States of America, by and through the United States Attorney for the District

of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest

Warrants are executed, the Indictment and Arrest Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.   The United States is investigating allegations that Zachary Johnson, Dion Rajewski, Alan Fischer, III, Brian Boele, and James Brett, IV, (collectively, "Defendants"), willfully and knowingly entered and remain in the restricted buildings or grounds of the United States Capitol on January 6, 2021 without legal authority and participated in violent and disorderly conduct in violation 18 U.S.C. §§ 111(a)(1), 231(a)(3), 1752(a)(1), (2) and (4) and 40 U.S.C. § 5104(e)(2)(D).

2.      While Rajewski, Johnson and Fischer have already been arrested, Boele and Brett remain at large. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the Boele and Brett, which also may lead to the destruction of evidence in other locations including digital devices.   This is particularly true because the government is aware that Boele lives with Fischer.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.      As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Indictment and Arrest Warrant, or a resulting sealing order, means that the defendants are charged with a crime, and the Government intends to arrest her.   Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest

Warrant, the Indictment, this Motion and Supporting Memorandum, the proposed Order attached

to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     /s/ Nadia E. Moore
Nadia E. Moore
NY Bar No. 4826566 (Detailee)
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York
(718) 254-6362
nadia.moore@usdoj.gov

4