UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | Case No. 1:22-CR-00011 (RJL) |
| ) | |
| ALAN FISCHER III,      ) | |
|    also known as "AJ,"    ) | |
| ) | |
| Defendant.   ) | |

## DEFENDANT'S REPLY TO GOVERNMENT NON-RESPONSE AS ITS RESPONSE TO MODIFY CONDITIONS OF RELEASE TO REMOVE CURFEW

Defendant, ALAN FISCHER III, also known as "AJ," by and through undersigned counsel, replies to the Government's non-response as its response to ECF No. 61 for the above captioned case. The Government previously stated verbally that it opposed elimination or modification of curfew but submitted no reasons and no response in opposition. Mr. Fischer thus requests this Court issue the proposed order accompanying this reply. Mr. Fischer submits the following in support of his request:

As stated in the motion at ECF No. 61, curfew was part of the proposed release conditions motion (ECF No. 38) in March 2022 because the Government stated at the eleventh hour that curfew was a "standard condition" for release by the US District Court for D.C. AUSA Moore's superiors or others in the D.C. US Attorney's Office apparently conveyed that curfew is "standard." However, that statement was and remains false. Curfew is not a standard condition of release by the U.S. District Court for the District of Columbia (D.D.C.).  As AUSA Yette conveyed for the Government on June 9, 2022 in the first appearance of new co-defendants in this case before a magistrate, the "standard" conditions for release are: stay away from D.C.; report to Pretrial Services (PTS); verify residence address with PTS; notify PTS of travel outside the home jurisdiction; receive D.D.C. approval for travel outside the continental U.S.; report any

and every contact with law enforcement; participate in future proceedings as required; possess no firearms; and do not commit any state or federal crimes. Mr. Yette later repeated the D.D.C. standard release conditions, and again there was no reference to or mention of curfew. There are no unique standard conditions for January 6 defendants that add curfew.

AUSA Gordon, with this matter in his portfolio, stated without any reason that he opposed the removal of curfew or any modification to the intrusive phone calls that should be deemed searches and deliberate sleep deprivation. Yet he provided no timely response for the Government to the motion that was entered on June 6, 2022, having known since the status hearing on May 25, 2022 that the motion now labelled as ECF No. 61 was forthcoming. Through the due date on June 21, 2022, after fifteen days to respond, the Government filed no response in opposition. The only related comment off-line from the AUSA during the interim period on June 3, 2022 involved a threat to file conspiracy charges against one or more co-defendants.

No rational let alone compelling reason was ever provided to confine Mr. Fischer to his home at night, and to deprive him of sleep by nighttime searches that are conducted by electronic monitoring equipment and compelled voice recognition not ordered by this Court.

The motion at ECF No. 61 also requested that this Court order Pretrial Services to cease its illegal searches of Mr. Fischer's residence. With a curfew, it may be appropriate to knock on the door during curfew to see if Mr. Fischer is home. PTS employs robocalls that may call at all hours of the night. Further, there was no probable cause, no published administrative regulation with oversight, no consideration of the Fourth Amendment to the U.S. Constitution, and no court order for PTS to conduct multiple searches of Mr. Fischer's residence. There is no law that allows PTS to enter Mr. Fischer's residence and search all areas at any time as PTS alleges it has the right to do.  He is not convicted and is not on post-conviction release in lieu of jail. The

caselaw supports searches of those on post-conviction "probation" because in jail they have no expectation of privacy. Pretrial release, where Mr. Fischer is presumed innocent, is not post-conviction supervised release to home.

WHEREFORE, for the foregoing reasons, and all those provided in his original motion, and any others this Court deems just and proper, Defendant through counsel, respectfully requests that this court issue the proposed order to end the curfew and the home searches for Mr. Fischer.

Dated June 22, 2022                                   Respectfully submitted,

/s/ Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

On this **22nd** day of June 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney