UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-CR-00011 (RJL) |
| ) | |
| ALAN FISCHER III, ) | |
|    also known as "AJ," ) | |
| ) | |
|    Defendant. ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT MOTION TO FILE LATE RESPONSE

     Defendant, ALAN FISCHER III, also known as "AJ," by and through undersigned counsel, responds in opposition to the Government's motion at ECF No. 71 for the above captioned case, pursuant to Fed R. Crim P. 45, the local Court rules, and for good faith reasons as contained herein. Mr. Fischer respectfully moves this Court to deny the Government's motion at ECF No. 71.  The Government's motion for "leave to file late" uses an inapplicable procedure for a late response to Mr. Fischer's ECF No. 61 filed on June 6, 2022. The Government's motion has no legitimate legal basis or authority, where if the motion had been filed under the correct Federal Criminal Procedure Rules for a time extension, (Fed R. Crim P. 45) the Government was required to show excusable neglect. Compounding the circumstances surrounding the improper motion, the Government made no prior coordination with Defense counsel. Simultaneous with the ECF No. 71 motion that does not use any legitimate legal authority, the Government ignored this Court's authority to render a decision and then proceeded without a grant to file an untimely response by entering ECF 71-1 in the case docket.  The opposition contained herein to the Government's ECF No. 71 motion is not a reply to the illegitimately filed response in ECF No. 71-1 that should be treated as non-existent and stricken from the case file, along with ECF No. 71-1. Mr. Fischer submits the following in support of his opposition to ECF No. 71:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. The undersigned began organizing and working with an investigative team to collect the data to counter falsehoods and misrepresentations made to the US District Court for the Middle District of Florida after Mr. Fischer's arrest in January 2022, whereby Mr. Fischer's release on bond was denied on January 14, 2022. The initial AUSA (AUSA #1) for the case received and reviewed evidence from the undersigned that showed Tampa AUSA misrepresentations to the court. After review of the draft motion to revoke and modify conditions of bond, on March 1, 2022 AUSA #1 provided the standard conditions used in the D.D.C. (stay away from Washington DC, obtain Court approval for travel outside the continental US, etc.). The initial "standard conditions" did not include curfew.

2. AUSA #1 agreed to not oppose the motion for release on March 1, 2022 after late addition of "curfew" as an additional "standard condition." Because "curfew" was described as *standard*, it was added to the proposed conditions of release when the unopposed motion for release at ECF No. 38 was filed on March 2, 2022.[1]

3. The Government's rapid response in ECF No. 40 on March 2, 2022 acknowledged the new information that countered what was previously presented to the Tampa U.S. District court, did not oppose release, and entered conditions that aligned with what were in ECF No. 38, including curfew. The Court accepted the proposed release conditions and issued its order for Mr. Fischer to be released on March 4, 2022.

4. Mr. Fischer remains fully compliant with his release conditions. After inflation began spiraling out of control and the mortgage business went downhill, Mr. Fischer looked for and

---

[1] Undersigned subsequently learned that curfew is not a "standard" condition for release on bond in the D.D.C.

obtained secondary employment. Because work was at night, Pretrial Services needed to adjust its robocall system to not call when Mr. Fischer receives night work.

5. Mr. Fischer maintains a day job with work flexibility, he added education for another vocational skill for future employment, and he is on a list of eligible rescue site workers where he has no control over a schedule that is only generated 12 hours to one or two days before work. The rescue work is not at a single location and depends on contracts beyond Mr. Fischer's control.

6. In its report filed for the May 25, 2022 status hearing, Pretrial Services noted that it requires 72-hours' notice for Mr. Fischer's night work schedule. This was alleged as the required time to program its robocalls.[2] As the May 25 hearing ended, Pretrial Services wanted the Court to address its issue. Defense counsel interjected that a motion was forthcoming. The undersigned had already spoken with AUSA #2, and he indicated he would oppose any motion to adjust or eliminate curfew. AUSA #2 instead demanded an ankle bracelet for 24/7 GPS monitoring instead of any modification to curfew robocalling. The AUSA gave no reasons, where no evidence of dangerousness or flight risk was presented in ECF No. 40, and where the false allegations in the Tampa proceeding were captured in ECF No. 38 and in discussions with AUSA #1.

7. The target date to file the motion to modify conditions was 3 - 4 June 2022. Due to intervening court events for another case that took up the entire day of June 3, 2022 for the

---

[2] In a court proceeding on June 3, 2022 for Mr. Boele's release, the Honorable Magistrate Sneed first said there was no curfew being ordered. Then as AUSA #2 in the DC case appeared for the Government in the Tampa magistrate's case for Mr. Boele and Mr. Brett, his argument that there must be electronic monitoring and there must be GPS incredibly resulted in a choice between curfew or GPS. His argument was that electronic monitoring was needed to confirm that defendants do not leave the Middle District of Florida - when with permission, they can leave the district. Notably, Magistrate Sneed directed Mr. Boele to provide only 24-hours of advanced notice of night shift work to Pretrial Services. The motion at ECF No. 61 offers the alternative of allowing 24-hours' advanced notice of night work.

undersigned, the Government agreed in face-to-face discussion on June 3, 2022 that there was no issue if the motion (ECF No. 61) was filed on June 6 to allow completion of editing processes.

8. The motion to modify release conditions was filed as ECF No. 61 on June 6, 2022.

9. Including the national holiday, the Government's time to respond was not later than June 22, 2022.  The Government filed no response, in opposition or otherwise.

10.  The D.D.C. local rule, LCrR 47, states the Court may treat the motion as conceded if a response is not filed within the designated time.

11.  The Government made no request for an extension of time to file a response in opposition prior to the deadline to submit the response.

12.  The Government filed its improper "leave to file" motion seven days past the deadline to respond. The motion does not accord with Fed R. Crim P. 45.

## II.  LEGAL STANDARD

**A.  The Federal Rules of Criminal Procedure Allow for an Extension of Time Only under the following standards and conditions:**

> **(b)** EXTENDING TIME. **(1)** *In General*. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>    **(A)** before the originally prescribed or previously extended time expires; or
>    **(B)** *after the time expires* if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45 (Emphasis added).

**B.  Local Court Rule, LCrR 47 MOTIONS, Sets the Content Standards and Time for a Response and Reply to Motions and the Government Did Not Meet the Time.**

> **(a) STATEMENT OF POINTS AND AUTHORITIES.**
> Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion

>    **(b) OPPOSING POINTS AND AUTHORITIES.** Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Rules of the U.S. District Court for the District of Columbia, LCrR 47 at 145.

    **C. There is No Federal Criminal Procedure or Local Court Rule Allowing "Leave to File" as an Authority for a Late Response to a Motion**.

"Leave to file," meaning to obtain the Court's permission, is used under D.D.C. local court rules for matters such as amending pleadings and amicus curiae briefs. "Leave to file" an amended pleading under LCrR 47(g) presumes a timely pleading was originally filed and makes no reference to throwing out Fed R. of Crim P. 45 regarding the requirement to extend time.

### III. ANALYSIS AND ARGUMENT

    **A. Motion Should be Denied Because the Government Failed to Present a Valid Legal Basis**.

The Government's motion has no legal basis to be accepted or granted by this Court. Multiple on-line legal definition sources agree that "leave of court" is a request for Court permission to take an action. "Leave to file" is used in specific instances, such as amending a pleading, where the Court must grant permission to file an amendment to an existing, timely filed pleading. Under D.D.C. local rule LCrR47 at page 145, "Leave to file" may also be used for a pro se party to file electronically. "Leave to file" a late response to a motion is not an alternative to following Fed R. Crim P. 45 or other local court rules. The local D.D.C. rules do not alter or amend the Federal Rules by making "leave to file" applicable to an extension of time under Fed. R. Crim. P. 45. If the motion had been filed correctly under Fed. R. Crim. P. 45, the Government was required to present and justify its excusable neglect. No justification at all was included. The Government "Leave to File" is an illegitimate use of "leave to file" within the local D.D.C. Court Rules. There is no D.D.C. local "Leave to File" stand-alone local rule that could

possibly override Fed R. Crim P. 45. The motion is improper and lacks legal authority. Because of the above, ECF No. 71 and any attachments should be denied and stricken from the record.

### B. There Was No Excusable Neglect.

The Government knew the response deadline. AUSA #2 acknowledged on June 3, 2022 that the Defendant's motion would be filed on June 6, 2022. The failure to timely file appears deliberate.³ The ready opposition response that was illegitimately filed with ECF No. 71 seems to confirm the Government's deliberate decision to not file a timely response when due. Because there was no excusable neglect, the Government cannot meet Fed R. Crom P. 45 standards.

---

³ A reasonable conclusion given related actions by the Tampa FBI office and USAO persons with access to the items searched and seized from Mr. Boele's residence on June 3, 2022, is that the opposition response was not timely entered because the Government was trying to create "dangerousness" from nothing in a fabrication that Mr. Fischer was involved in a threat to an FBI agent. The FBI's timing in initially appearing at Mr. Fischer's house and calling him on June 20-21 in attempts to question Mr. Fischer alone, without an attorney present, is curiously coincidental with failure by the Government to file any response by June 22. The FBI story on June 27, 2022 changed multiple times but boils down to: Mr. Fischer may have some valuable information about a jail inmate who may pose a threat to an FBI agent; to: a prisoner in the same pod as Mr. Fischer in jail may have asked Mr. Fischer to take some action against an FBI agent. This fairy tale plot involves "Prisoner Z," a fast talker whose charges and past conviction include fraud. In story version one, Prisoner Z mentioned AJ Fischer's name in a recorded jail phone call to another party where Z also mentioned the FBI agent from his past (not current) case. Z talked Mr. Fischer's ear off in jail when Mr. Fischer could not get away from Z, and Z tried to pump Mr. Fischer for information about the Proud Boys and January 6. Z subsequently relayed to Mr. Fischer that the USAO was offering a plea deal if Z could get information from a person in jail that Z said could only be Mr. Fischer. The evolving FBI story had Z trying to get action against an FBI agent from a case many years ago. Meanwhile, Z claimed the FBI agent was on a vendetta against Z due to fraud against the agent's mother or other. Z later made clear the USAO directed him to collect information and be an informant. FBI story changes and attempts to "stump the chump" on June 27 sadly only harm the institution's credibility. The potential 6th Amendment violation concerned undersigned counsel many weeks ago, along with fabrications Z could create to his own benefit. Z had asked direct questions to try to gain information.  Related to this, Mr. Boele's residence was searched on June 3. After knowing that the taped, sealed boxes in the garage were Mr. Fischer's property, the agents proceeded to tear open the boxes and search where Mr. Fischer had a reasonable expectation of privacy in storing his possessions during a move. In addition to the Proud Boys tee shirts and challenge coins they took, it appears the FBI took a photo of the attorney work product input notes that Mr. Fischer had assembled using a debriefing style set of bullet points and research at the undersigned's direction to verify that Z was a real person, and to conform or deny the tales of excellence and woe that Z relayed in jail. Mr. Fischer used internet research through the home's modem. In the search of Mr. Fischer's property on June 3, it appears the FBI illegally seized a copy of his notes, created under investigation for attorney work product. The timings of FBI discussions on Jun 27, where FBI deception became apparent in evolving stories, combined with admonition that the search was illegal, and curiosity about the legality of FBI spying on the home's internet modem (the June 3, 2022 searchers vocalized knowledge of what the owners recently watched on streaming services) were coincidentally followed by ECF No. 71 and 71-1 being filed. A reasonable person might deduce that the Government was working an operation and using the FBI to create another set of false claims here in the US District Court in Tampa to place Mr. Fischer in jail.

**C. The Motion Should be Denied Because the Government Conceded by Not Timely Filing a Response in Opposition**.

The Government filed no request to extend time for good cause between June 6 - 22, 2022. The Government filed no response to ECF No. 61 with excusable neglect over the course of the next six days. Under LCrR 47, this Court may consider the motion at ECF No. 61 as conceded by the Government. There is no reason not to consider the motion ceded since the Government has not and cannot present a preponderance of evidence that Mr. Fischer is a flight risk and has not and cannot present clear and convincing evidence that he presents a danger to anyone. there are no indications of excusable neglect to invoke Fed R. Crim P. 45.

Mr. Fischer has complied with all release conditions. AUSA #1 required curfew as a condition in the unopposed motion for Mr. Fischer's release on March 2,2022, after being told it was a standard condition in the D.D.C. Curfew is not a standard release condition. The Government has no rational reason for the curfew, when the alleged crime for which Mr. Fischer is considered innocent did not occur in Florida, and where no set of circumstances points to a curfew as a least restrictive and reasonable condition of release in this specific case. The Government can imagine all kinds of fictional scenarios where a curfew may provide a deterrence against flight. Because no risk of flight was ever argued , let alone to preponderance of evidence standard in ECF No. 40 or to this Court when it decided release was proper, Mr. Fischer bears no burden to show that he is not a flight risk. Mr. Fischer cannot show his risk is less because no argument to this Court ever presented him as having any level of flight risk.

Because the Government provided no argument of flight risk or dangerousness to this Court, and the Government filed no timely opposition that presented any evidence of flight risk or danger, it will be just for the Court to find that the Government conceded opposition by not filing a timely response.

**D. <u>Response at ECF No. 71-1 Should be Removed from the Case Docket</u>.**

The late filing was requested without use of legal authority and improperly used "Leave to file" when Fed R. Crim P. 45 standards must be met. Yet despite asking for the Court's permission to file, albeit improperly, the Government went ahead and filed a late response without any permission. The response does not link back to ECF No. 61 and was entered as a response to the Government's own motion under ECF No. 71. The Government made an end run around the rules and legal authority to place a response in the case docket apparently in order to influence the Court in its ruling on ECF No. 61, and any clerks creating a packet and summaries, and even media who follow January 6 cases.

The Government's actions here convey that the Federal Rules of Criminal Procedure and this Court's local rules may as well not exist. The Government's filing of a late response without authority usurps the Court's decision process. The Government action appears to have the purpose of furthering negative media reporting and poisoning of D.C. jury pools against Proud Boy defendants. The timing of the Government's action here gives the appearance of being politically motivated, with a goal of bolstering the J6 Select Committee trials via media. The House Committee/Legislative branch has encroached on the ongoing Judicial process and is publicly trying all Proud Boy defendants in a spectacle using falsified and misrepresented evidence, without providing any of its 1000 interviews or videos to DOJ for defendants for examination of Brady material and falsehoods.

This Government's motion and response may be but small pieces in the larger picture, but appearances matter. When there is no allowance for reasonable argument on a matter, and no allowance for discussion of truth, there cannot be reason involved. There is emotion. America's view of integrity within government institutions matters. All infringements on due process by the

Legislative Branch's public show trial, and where the President and other Executive Branch agencies are employing "domestic terrorism" labels and surveillance techniques are media dominant and self-destructive to the institutions. Truth is needed. Mr. Fischer and other Proud Boy defendants have been declared guilty, cannot question evidence that has not been made available, and cannot cross-examine accusers.

The Government knew it had no legal basis for a late filing and that its response should be rejected. The filing of the ECF No. 71-1 response without Court permission appears to be a stunt for jury pool poisoning and to feed media. Because of the above, ECF No. 71-1 should be stricken from the record.

## III. CONCLUSION

With no valid authority supporting the motion at ECF No. 70, and no Court-required approval to file ECF No. 71-1, this Court should determine that the Government conceded opposition to the Defendant's motion at ECF No. 61 and should deny the Government's motion and strike the response at ECF No. 71-1 from the record.

**WHEREFORE**, ALAN FISCHER, III requests that this Court deny the Government's motion, strike ECF Nos. 70; 71-1 from the file docket, and proceed to grant Mr. Fischer's motion at ECF No. 61. Alternatively, if the Court grants the motion to allow an unexcused late response, Mr. Fischer requests this Court order that the seven-day reply time for the Defendant begin based on the date of such Court decision allowing the unexcused late filing by the Government.

Dated June 28, 2022                                  Respectfully submitted,

/s/ Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

**CERTIFICATE OF SERVICE**

On this 28th day of June 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn A. Stewart
Carolyn A. Stewart
Defense Attorney