UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
 * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,        )  Criminal Action
                                 )  No. 22-11
vs.                              )
                                 )
ZACHARY JOHNSON, et al.,         )  December 14, 2022
              Defendants.        )  4:17 p.m.
                                 )  Washington, D.C.
  * * * * * * * * * * * * * * *
```

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RICHARD J. LEON,
UNITED STATES DISTRICT COURT SENIOR JUDGE

*(Parties appearing via videoconference and/or telephonically.)*

**APPEARANCES**:

FOR THE UNITED STATES:    NADIA MOORE
                          U.S. ATTORNEY'S OFFICE
                          271 Cadman Plaza East
                          Brooklyn, NY 11201
                          (718) 254-6362
                          Email: Nadia.moore@usdoj.gov

                          MICHAEL MATTHEW GORDON
                          Department of Justice-USAO
                          400 North Tampa Street
                          Tampa, FL 33602
                          (813) 274-6370
                          Email: michael.gordon3@usdoj.gov

FOR DEFENDANT JOHNSON:    GEORGE ELLIS SUMMERS
                          Federal Public Defender
                          Florida Middle
                          2075 West First Street
                          Fort Myers, FL 33901
                          (239) 334-0397
                          Email: ellis_summers@fd.org

FOR DEFENDANT RAJEWSKI:   ALLEN HOWARD ORENBERG
                          12505 Park Potomac Avenue
                          Potomac, MD 20854
                          (301) 984-8005
                          Email: aorenberg@orenberglaw.com

**(Appearances Continued)**

**APPEARANCES (Continued)**:


FOR DEFENDANTS FISCHER AND BOELLE:

                         CAROLYN STEWART
                         1204 Swilley Road
                         Plant City, FL 33567
                         (813) 451-5753
                         Email: carolstewart_esq@protonmail.com



FOR DEFENDANT BRETT:

                         MARY PETRAS
                         Federal Public Defender
                         For the District of Columbia
                         625 Indiana Ave, NW
                         Washington, DC 20004
                         (202) 208-7500
                         Email: elizabeth_mullin@fd.org



Court Reporter:    Elizabeth Saint-Loth, RPR, FCRR
                   Official Court Reporter


        This hearing was held via videoconference and/or
   telephonically and is, therefore, subject to the limitations
   associated with audio difficulties while using technology,
                 i.e., static interference, etc.


          Proceedings reported by machine shorthand.
       Transcript produced by computer-aided transcription.

1          **P R O C E E D I N G S**

2                THE COURTROOM DEPUTY:  The United States District

3     Court for the District of Columbia is now in session.  The

4     Honorable Richard J. Leon presiding.  God save the

5     United States and this Honorable Court.

6                Please come to order.

7                Your Honor, we are on the record in Criminal

8     Case 22-011, the United States of America versus Zachary

9     Johnson, et al.

10               Starting with the government, please state your

11    appearance for the record.

12               MS. MOORE:  Good afternoon, Your Honor.

13    Nadia Moore and Michael Gordon for the United States.

14               THE COURT:  Welcome.

15               MR. SUMMERS:  Good afternoon, Your Honor.

16    Ellis Summers for Zachary Johnson.

17               MR. ORENBERG:  Good afternoon, Your Honor.

18    Allen Orenberg on behalf of Dion Rajewski.

19               MS. STEWART:  Good afternoon, Your Honor.

20    Carolyn Stewart representing Alan Fischer and Brian Boele.

21               THE COURT:  Welcome.

22               MS. PETRAS:  Good afternoon, Your Honor.

23    Mary Petras, standing in for Elizabeth Mullin, on behalf of

24    Mr. Brett.

25               THE COURT:  Welcome.

1          All right.  Counsel, why don't we start with the

2     government and get an update on where things stand at the

3     moment.

4          MS. MOORE:  Yes, Your Honor.

5          Since we were last here, the government has

6     produced a number of global discovery productions to the

7     defense.  I understand, from conversations my colleague

8     Mr. Gordon had with defense counsel that they are requesting

9     additional time -- I think various defense counsel are

10    asking for between 30 and 90 days -- to put this over so

11    that they can continue the review of that discovery.

12         In addition, Mr. Gordon and I intend to be able to

13    extend plea offers to the defendants hopefully by the end of

14    next week.  So we were hoping to put this matter over one

15    final time to give the defense time both to review the

16    additional discovery that's been provided and also to review

17    the plea offers that we hope to extend to see if this case

18    can be resolved short of trial.

19         THE COURT:  Is there any further basis, Counsel,

20    why these people are being charged together, other than the

21    fact that I know two of them are related?

22         MS. MOORE:  Yes, Your Honor.

23         I think at the last hearing there was some

24    contention that these defendants were charged together

25    merely because they were Proud Boys from Florida, and that's

1    simply inaccurate.  These defendants committed the crimes

2    they're charged with together, and they are charged under an

3    aiding and abetting theory.

4          In the lead-up to January 6 and the day after, the

5    time period between January 4 and 7, there were a number of

6    telephonic communications amongst these various defendants,

7    all of them speaking with each other, except for

8    Mr. Rajewski and Mr. Johnson.  So Mr. Boelle communicated

9    with all of the other defendants; Mr. Brett did the same;

10   Mr. Fischer did the same.  Mr. Rajewski communicated with

11   Boelle, Fischer, and Brett; and Mr. Johnson communicated

12   with Boele, Brett, and Fischer.

13         Then, on the day of January 6, these defendants

14   all met at the Washington Monument where they joined a group

15   of, approximately, 200 Proud Boys who marched from the

16   Washington Monument to the Capitol grounds.

17         During that march these defendants were frequently

18   marching with each other.  Once they got to the restricted

19   area, at the initial breach on Peace Circle, all but

20   Mr. Fischer traveled in a stack formation with their hands

21   on each other's backs as they -- inching their approach onto

22   the Capitol grounds.  Mr. Brett's hand was on Mr. Rajewski's

23   back.  Another member of their marching group, Steven Miles,

24   who is charged in a separate case, had his arm on Rajewski's

25   back.  Johnson's arm was then on Mr. Miles's shoulder.

1   Another member of their marching group, Matthew LeBrun, had

2   his arm on Johnson's shoulder and, then, Boelle's arm was on

3   LeBrun's shoulder as they approached the Capitol.

4           Then, while the men were on the west front of the

5   Capitol again, they were frequently in close proximity to

6   one another before they traveled to the lower west terrace,

7   where the majority of the charges brought in this case

8   relate to.

9           The men then entered the tunnel together.

10  Mr. Fischer is observed on video turning backwards towards

11  the west (indiscernible) after they've entered; they appear

12  to be consulting with one another before they adjust and

13  pull up their masks.

14          The men then are in the tunnel in a coordinated

15  fashion, are pushing against the line of officers trying to

16  protect the Capitol from being breached.  The video shows

17  Mr. Rajewski's hands are on Johnson's back; Mr. Boelle hands

18  on are on Brett's back as they are pushing against the

19  officers.  At one point, Brett turns back and appears to

20  again consult with Mr. Johnson before they continue to push

21  against the line of officers.  Mr. Fischer was also observed

22  pushing on Mr. Johnson and Mr. Rajewski's back, in a

23  coordinated fashion, to try to breach the line of officers

24  that are there.  And then, once the police are able to push

25  the rioters -- including these defendants -- out of that

1    tunnel, they are observed on video celebrating.

2           There is one photograph that depicts Mr. Fischer

3    holding up a Capitol Police riot shield that was taken from

4    the officers during the melee.  Mr. Johnson is holding up a

5    police baton also recovered from a police officer; and

6    Mr. Rajewski and Mr. Boele are also present in that photo.

7    In another video, after they're pushed out of the tunnel,

8    they are seen cheering with the crowd and then

9    congratulating each other, laughing.

10          Mr. Fischer and Mr. Johnson pat Mr. Rajewski on

11   the shoulder.  Mr. Fischer and Mr. Rajewski attempt to

12   apparently fist bump one another in congratulations.  And

13   so -- while they're not charged in a conspiracy, these are

14   defendants who went to the Capitol together, committed

15   crimes together, and then celebrated those crimes together.

16          The crimes that they committed together are

17   charged on an aiding and abetting theory.  So because of

18   that overlay in their conduct they have been charged

19   together.  And we believe that the evidence of the crimes as

20   to all of them is virtually identical, and so we think it

21   makes sense they should be charged together.  Given that

22   overlap, we believe it would be the most efficient use of

23   your judicial resources.  We don't think this trial would

24   take probably more than a week, even for all of the

25   defendants.

1    　　　　But given that the government is hoping to extend

2    plea offers in then next -- just over a week -- I think it's

3    also a little -- there is a possibility that some of these

4    cases can be resolved short of trial.  I know Your Honor had

5    raised a concern about trying five defendants at once; it's

6    possible that would be an issue.

7    　　　　THE COURT:  It's a serious concern to me.

8    　　　　MS. MOORE:  I understand.

9    　　　　THE COURT:  But you are right; it's premature to

10   be worried about that problem at this point.  There is still

11   a lot of water to go over the dam.

12   　　　　When you say it would take a week, how many

13   witnesses do you have -- in just rough numbers?  I am not

14   holding you to it.  I am not holding you to it.  Give me a

15   ballpark.  6, 10, 12?  What do you have in mind?

16   　　　　MR. GORDON:  Your Honor, in similar cases to this

17   one, the government's used somewhere around 10 to 12

18   witnesses in total.

19   　　　　THE COURT:  All right.  I assume -- for the sake

20   of discussion anyway at the moment -- that there is no,

21   let's say, evidentiary issues that need to be resolved prior

22   to your getting to the plea negotiation stage.

23   　　　　MS. MOORE:  None that I am aware of, and none that

24   defense counsel has raised with us.

25   　　　　THE COURT:  Okay.

1          MS. MOORE:  Although, I understand from

2   Mr. Summers that he is investigating a particular issue that

3   may bear on the plea offer that we may enter into with him.

4   I am not sure if he has a better sense on timing on which he

5   may have that additional information that may bear on any

6   plea that we might enter into with his client.

7          THE COURT:  We will give him a chance to address

8   that.

9          Anything else the government wants to raise at

10   this point?

11          MS. MOORE:  I just believe that there was --

12   perhaps pretrial is in a better position to raise this;

13   there was a violation report with regard to Mr. Johnson

14   [sic].  They had asked for, I think, or sought a higher

15   level of supervision as to him.

16          Other than that, nothing else from the government.

17          THE COURT:  All right.  Why don't we do these --

18   go through the defendants in the order we have here on the

19   indictment.

20          Mr. Summers, you would be the first for

21   Mr. Johnson.

22          MR. SUMMERS:  Thank you, Your Honor.

23          Your Honor, Ms. Moore is correct.  We have hired

24   an expert regarding the pepper spray.  I am waiting on a

25   report from the expert essentially on the -- essentially,

1     the dangerousness of pepper spray; that report is not in

2     yet, Your Honor.  Based on that, we were going to seek a

3     60-day continuance so that we can receive the report,

4     provide it to the government and then, obviously, go from

5     there.

6           The other issue, Your Honor, is -- I have drafted

7     a motion for severance; but I think, at this point, I am

8     going to hold on to it until that issue is ripe.  I just

9     feel at this point in time it's just not ripe yet.

10          THE COURT:  It probably is too soon.

11          Any other concerns or issues that you want to

12     address at this point in time, Mr. Summers?

13          MR. SUMMERS:  No, Your Honor.

14          THE COURT:  Very good.

15          Mr. Orenberg, you are next, for Mr. Rajewski.

16          MR. ORENBERG:  Yes, Your Honor.  Good afternoon.

17          We agree with Ms. Moore's suggestion to the Court

18     that we set another status date.  I would suggest 60 days --

19     maybe even longer -- so we do have time to review what we

20     expect to receive, the proposed plea offer, and any

21     additional global evidence.

22          THE COURT:  Okay.  That's fine.

23          Ms. Stewart, you would be next for Mr. Fischer and

24     for Mr. Boele.

25          MS. STEWART:  Thank you, Your Honor.

1        We would be looking for 60 to 90 days.  The

2   prosecution is saying -- if they're saying that they're

3   going to send a plea offer, we certainly don't want to rush;

4   we would want to allow time.  So I think we can toll the 90

5   days still given the amount of video and investigative team

6   research into that.  I would just say here, until we look at

7   the plea offer, we would agree that it's not time for a

8   motion to sever.

9        But I would highlight that the AUSA's narrative is

10  a narrative that we contest.  You can make up a story based

11  on bits and pieces of video, but we object to it on the

12  contrary.  That's our position at this time.  Thank you.

13        THE COURT:  All right.

14        And then I think, Ms. Petras, you're covering for

15  Ms. Mullin for Mr. Brett.

16        MS. PETRAS:  Yes, Your Honor.

17        And Ms. Mullin also asked that we request, on

18  behalf of Mr. Brett, 60 to 90 days to review the discovery

19  and consider any offer.

20        I think the only other outstanding issue is

21  Ms. Mullin filed an unopposed motion for a slight

22  modification to the conditions of release just asking that

23  the Court authorize pretrial services to modify the curfew

24  when they are approving travel.  I believe they currently

25  have the authority to approve travel; but when they do that

1    there is some issue with the curfew, so they have to go to

2    the Court.  Rather than having to go to court every time,

3    Ms. Mullin was asking that the Court authorize pretrial

4    services to make those adjustments stated.

5              THE COURT:  As you know, I deal with adjustments

6    by pleadings.  And it's not enough for the defense counsel

7    to indicate that the government has said that; the

8    government has to file something.

9              MS. PETRAS:  Okay.  I believe her motion has been

10   filed --

11             THE COURT:  Okay.  I will check that.  Assuming

12   everything is there, I can rule on that; that is not going

13   to be a problem.

14             MS. PETRAS:  Thank you, Your Honor.

15             THE COURT:  How about -- any other issues that you

16   might have regarding discovery or anything like that,

17   Ms. Petras, at this point?

18             MS. PETRAS:  Not at this point.  I think

19   Ms. Mullin indicated that she may be filing a severance

20   motion.  I am sure she would agree that it's not ripe yet,

21   but has heard what the Court has to say on that.

22             THE COURT:  Okay.  Well, I am going to take the

23   lead of defense counsel and government counsel and set a

24   status hearing for March 10th, which is about 90 days.

25   We'll make it March 9 -- March 9, that's better -- at four

1    o'clock, for a status hearing.

2          The Court will find in the interest of justice the

3    Speedy Trial Act waived between now and then, assuming

4    that's agreeable with all of the parties.  You can indicate

5    on the record if that's agreeable.  The Court will find in

6    the interest of justice that the Speedy Trial Act will be

7    waived between now and March 9.

8          I will start with the government.

9          Is that agreeable to the government?

10          MR. GORDON:  Yes.

11          MS. MOORE:  Yes.  Thank you, Your Honor.

12          THE COURT:  Mr. Summers.

13          MR. SUMMERS:  Yes, Your Honor.

14          THE COURT:  Mr. Orenberg?

15          MR. ORENBERG:  Your Honor, I may have a scheduling

16    problem.  I am scheduled to begin a two-week trial with

17    Judge Nichols in another January 6 case with five

18    codefendants on March 6; however, I don't want to upset the

19    applecart here.  I am in trial; the case could get resolved,

20    I don't know at this point.  I could ask one of my

21    colleagues to stand in for me for scheduling purposes.

22          THE COURT:  That's fine.  That's fine.

23          Let's see how that goes.

24          How about waiving the Speedy Trial Act between now

25    and --

1          MR. ORENBERG:  Yes.  I was just going to say yes.

2   Otherwise, we will waive the Speedy Trial Act between today

3   and March 9, 2023.

4          THE COURT:  That's good then.

5          Ms. Stewart, you are next.

6          MS. STEWART:  Yes, Your Honor.  We agree with

7   waiving.

8          THE COURT:  Okay.  That's for both Mr. Fischer and

9   Mr. Boele, right?

10          MS. STEWART:  Yes, Your Honor.

11          THE COURT:  Okay.  Thank you.

12          Ms. Petras, on behalf of Ms. Mullin, for

13   Mr. Brett?

14          MS. PETRAS:  Yes, Your Honor.

15          THE COURT:  Very good.  All right, Counsel.

16          Ms. Petras, I will take a look at that motion and

17   make sure everything has been filed from the government's

18   point of view.

19          MR. GORDON:  Your Honor, the government hasn't

20   filed a response yet, but I will do so -- if not today,

21   tomorrow.  It's true we don't contest it, but I understand

22   we need to file a record --

23          THE COURT:  It doesn't need to be lengthy.

24          MR. GORDON:  Yes, Your Honor.

25          THE COURT:  It'll be fine.

1          Any other issue that anyone wants to raise at this

2     point as it relates to anything related to the case?

3               (No audible response.)

4               THE COURT:  Hearing no one, I think we have

5     covered what we need to cover today.

6               I wish everybody a happy holiday, and we will see

7     you in 2023.

8               MS. MOORE:  Thank you, Your Honor.

9               MS. PETRAS:  Thank you, Your Honor.

10              MR. SUMMERS:  Thank you, Your Honor.

11              MR. ORENBERG:  Thank you, Your Honor.

12              MS. STEWART:  Thank you, Your Honor.

13              THE COURT:  We're adjourned.

14              (Whereupon, the proceeding concludes, 4:33 p.m.)

**CERTIFICATE**

16              I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby
      certify that the foregoing constitutes a true and accurate
17    transcript of my stenographic notes, and is a full, true,
      and complete transcript of the proceedings to the best of my
18    ability.

19              This certificate shall be considered null and void
      if the transcript is disassembled and/or photocopied in any
20    manner by any party without authorization of the signatory
      below.

21
         Dated this 20th day of January, 2023.
22
         /s/ Elizabeth Saint-Loth, RPR, FCRR
23       Official Court Reporter

24

25