UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-CR-00011 (RJL) |
| ) | |
| ALAN FISCHER III, ) | |
| BRIAN BOELE, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO SET TIME FOR TRANSFER OF VENUE MOTION

COMES NOW the Defendants, ALAN FISCHER III, and BRIAN BOELE, by and through undersigned counsel, and respectfully move this Court pursuant to the Federal Rules of Criminal Procedure to order that any Rule 21 motion for Transfer of Venue for Trial is due by October 11, 2023. The Government opposes, and indicated it believes Rule 21 Transfer of Venue falls under Rule 12 Pretrial motions that are due on July 24, 2023, whereas this Court never set a date for Rule 21 motions. Mr. Fischer and Mr. Boele state the following in support of this request:

**I.      BACKGROUND AND FACTS**

The charges from this case arise from the events that took place on January 6, 2021 at the U.S. Capitol. Mr. Fischer and Mr. Boele were indicted on serious allegations that involve separate counts for felonies and misdemeanors on the U.S. Capitol grounds. The Defendants deny guilt for the crimes alleged.

No trial date is set. In the two most recent status conferences, defense attorneys and the Court agreed that a trial would not commence before the New Year based on schedules and review of discovery that is still in progress (with video, audio, and document discovery still being posted by DOJ's Capitol Siege Unit).

Because five defendants created trial issues, and the joinder was done under a government narrative that is just a story, discussion of severing defendants arose during the March 30, 2023 status conference. The Court verbally ordered that all *pretrial motions* were due on June 30, 2023. The Court's subsequent minute order directed that all *pretrial motions* be filed by June 30, 2023.

Defendant Johnson by his attorney and AUSAs Gordon and Lederer signed a plea deal, and on June 20, 2023 requested a plea hearing be set. ECF No. 115.

Defendant Rajewski's consent motion to extend time on June 27, 2023 requested an adjusted date of July 24, 2023 for Rule 12 Pretrial motions. ECF No. 118. On June 28, 2023, the Court issued a minute order that granted the consent motion request to extend time for all Pretrial motions as it "ORDERED that the Motion is GRANTED. It is further ORDERED all defendants shall file their **pre-trial motions** on or before July 24, 2023." (Emphasis added).

Some discussion ensued with one attorney intending to include a Rule 21 Transfer of Venue Motion by July 24, 2023. The AUSAs conflated Rule 21's Transfer of Venue with Rule 12's listed pretrial motions when objecting to a request to set a date for Transfer of Venue in mid-September (or later). The Court set no date for Rule 21 motions.

This motion requests a date that will allow work schedule predictability, time for responses and replies, and time for data being gathered as to whether to request a Transfer for Trial.

II. <u>LEGAL STANDARD</u>

The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury. The Federal Rules of Criminal Procedure R. 21(d), Transfer of Venue, provides that a "motion to transfer may be made at or before arraignment or at any other time the court or these rules prescribe." A motion to Transfer for Trial under Fed. R. Crim. P. Rule 21 may be made for prejudice or convenience.

### III.     **DISCUSSION**

The Rule 21 motions made to date for January 6th cases have been for prejudice. All have been denied despite the appearance that with a ~99% conviction rate there is no fair and impartial jury of defendants' "peers." Previous motions have attached polls and surveys showing the number of voters registered by political party and the percentage of residents who voted for Joe Biden. Previous motions have also included survey questions that could indicate bias, and infer partiality among D.C. residents who consider themselves victims. But the judges all asserted that all jurors will be fair and impartial when shown the evidence.

The U.S. Supreme Court case *Skilling v. United States*, 561 U.S. 358 (2010) is aligned with the prejudice here due to ongoing, widespread, biased media coverage. The January 6th Select Committee's deliberate presentation and condemnation of the Proud Boys in the District of Columbia was a made for television production that appeared partisan to more than half the country but provided a trove for unrelenting, biased media to assault D.C. residents. The tidal wave of D.C. media coverage of January 6th has not receded. The recent prosecution in the Proud Boys trial unfairly included accusations and a narrative specifically against the Defendants in this case as being "tools" of the alleged and now convicted seditious conspirators. That case was covered by D.C. media and invaded every corner of the Internet and social media. The Government has unjustly propagandized the Proud Boys as insurrectionists, white supremacists (hiding that the group's national representative was Cuban-American), militia, extremists, and domestic terrorists.

Given that the *Skilling* case highlights considerations to transfer a case based on jury prejudice and bias, especially given media hoopla, the Defense sought a way to capture data that is not the run of the mill polling that has 100% led to denial of motions. Just recently the Defense was made aware of technology and analysis that shows January 6th internet searches and case

3

exposure in D.C. compared to other states and cities - where exposure portends bias. We have engaged an effort to collect and analyze data. This may be a modern day *Skilling* case where the media exposure and internet searches show bias that requires a transfer of venue for a fair and impartial jury. But this will take time for data collection, analysis, and multi-layered review for credibility.

Mr. Fischer and Mr. Boele are requesting a known time period for data collection, analysis, and review so they may then determine whether to file a Rule 21 Transfer motion. Currently it is premature for the Defendants to decide upon and request a Rule 21 Transfer for Trial.

## IV.    CONCLUSION

Because there is no prejudice to any party, and since there is no conflict with any existing schedule, it is in the interests of justice to set a known date so that Mr. Fischer and Mr. Boele can receive the relevant and reviewed data and analysis, and they may decide whether to request Transfer for Trial. And should a Rule 21 motion be submitted, the data and analysis used by the Defendants will be available to inform the Court's decision.

Wherefore, for good cause shown, and for any other reasons the Court may decide, Mr. Fischer and Mr. Boele request that the Court issue the proposed order that sets a date of October 11, 2023 for a Rule 21 Transfer motion where responses and replies would follow the local 14-day and 7-day times respectively.

Dated July 21, 2023                    Respectfully submitted,

<u>/s/ Carolyn A. Stewart</u>
Carolyn A. Stewart, D.D.C. Bar No. FL0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

On this 21st day of July 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

<u>/s/ Carolyn A. Stewart</u>
Carolyn A. Stewart
Defense Attorney