**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 1:22-cr-11 (RJL)** |
| **v.** | **:** | |
| | **:** | |
| **ALAN FISCHER III and** | **:** | |
| **BRIAN BOELE,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'**
**MOTIONS TO DISMISS COUNTS 1, 3, 6-7, 9, 11, AND 13-16**

Defendants Alan Fischer III ("Fischer") and Brian Boele, who are charged in connection with their conduct during the events at the U.S. Capitol on January 6, 2021, have moved—in separate motions—to dismiss all of the charges against them. *See* ECF Nos. 131, 135.[1] The vast majority of the arguments raised by Fischer and Boele concern the facts, not the law. Essentially, the defendants contend that the U.S. Capitol grounds were not a restricted area on January 6; that a civil disorder did not occur because no one officially declared one; that alleged improper actions by the police and Democratic politicians, not rioters like themselves, are responsible for the violence on January 6 and the resulting delay in the certification proceeding; and that no federal function or interstate commerce was disrupted. *See, e.g.*, ECF No. 135 at 1-9, 16-17. These are, at best, issues to be determined by the fact-finder at trial, or by the Court in response to a Rule 29 motion, not proper grounds for a pre-trial motion to dismiss.

Fischer and Boele make two legal arguments in support of their motion. First, they contend that for each of Counts 1, 3, 6-7, 9, 11, and 13-16, the second superseding indictment fails to state

---

[1] The statements of facts in the defendants' motions are nearly, if not completely, identical, and their arguments largely overlap as well. Accordingly, the government responds to both motions with this one filing for efficiency purposes.

an offense because it contains insufficient factual detail to support the charge. Second, they assert

that Count 1, the charged violation of 18 U.S.C. § 231(a)(3) (civil disorder), represents an

unconstitutional *ex post facto* application of the law. Both of the defendants' arguments fly in the

face of well-established precedents, and the Court should reject them accordingly.

## BACKGROUND

Boele and Fischer—father and son, respectively—participated in the riot at the United

States Capitol building on January 6, 2021, which interrupted the Joint Session of Congress

convened to certify the vote of the Electoral College for the 2020 U.S. Presidential Election.

Specifically, Boele and Fischer, along with other rioters, engaged in a collective effort to breach

the line of riot gear-clad police officers trying to hold the "Tunnel."[2] For several minutes, the mob

of rioters, including Boele and Fischer, shoved the police officers by rocking their bodies back and

forth in unison, trying to use the force of their collective mass to break through the police line and

enter the Capitol building. Fischer also commandeered a police riot shield, which he held aloft for

a picture, and committed multiple assaults and/or attempted assaults against police officers

defending another area of the West Plaza by hurling items—including a chair, pipe-like object,

and traffic cone—at them.

---

[2] "The Tunnel" refers to a passageway under an archway in the center of the Lower West Terrace, created by the construction and presence of the Inaugural staging. On January 6, 2021, the Tunnel was an approximately 15 feet long, 10-foot-wide, slightly sloped, short tunnel that led to a set of double metal swinging doors inset with glass. Through those doors lay the interior of the U.S. Capitol building.

At approximately 2:40 p.m., police officers—many of whom were wearing riot gear and carrying riot shields—entered the Tunnel and formed a protective line in front of those doors in order to block the rioters from progressing further and entering the U.S. Capitol building. Over twenty police officers stood shoulder to shoulder, crammed in this small area. Two minutes later, a mob of rioters entered the Tunnel and began to fight the police. A violent, hand-to-hand battle for control of the Tunnel ensued. It lasted for hours. Many rioters used weapons of various kinds, and many officers were injured during this fight.

Based on their actions on January 6, 2021, a grand jury sitting in Washington, D.C. charged both Boele and Fischer with the following offenses: civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 1) (based on the heave-ho shoving in the Tunnel); and disorderly conduct in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count 14). ECF No. 54.

The grand jury charged Fischer with six additional crimes: assaulting, resisting or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) and 2 (Count 3); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count 6); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count 9); engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Count 13); act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count 15); and a second count of civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 16) (based on Fischer's separate assaultive conduct on the West Plaza). ECF No. 54.

Finally, the grand jury charged Boele with two additional crimes: entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count 7); and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count 11). ECF No. 54.

## LEGAL STANDARD

A defendant may move to dismiss an indictment or count thereof for failure to state a claim prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). However, the Federal Rules of Criminal

Procedure state that an indictment is only required to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.* An indictment must contain every element of the offense charged, if any part or element is missing, the indictment is defective and must be dismissed." *See United States v. Hillie*, 227 F. Supp. 3d 57, 70 (D.D.C. 2017). Because pretrial dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F. 3d 138, 148 (D.C. Cir. 2015) (internal quotation marks omitted). Ultimately, the court must decide "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Bowdoin*, 770 F. Supp 2d at 146.

## ARGUMENT

A. **The Second Superseding Indictment Sufficiently Alleges the Defendants' Violations of 18 U.S.C. §§ 231(a)(3), 1752(a)(1), 1752(a)(2), 1752(a)(4), 1752(b)(1)(A), and 2, and 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(F).**

The defendants raise a litany of claims that the second superseding indictment fails to allege sufficiently specific facts to support its charges. For example, they argue that the indictment fails to specify "what police each defendant interfered with; when a civil disorder was declared and by whom that police were responding to; and finally what interstate commerce was being obstructed or negatively impacted where and when while Mr. Boele and Mr. Fischer were allegedly interfering with police." ECF Nos. 131 at 18; *see also* ECF No. 135 at 17-18. Similarly, Fischer argues that the counts involving a deadly or dangerous weapon (i.e. Counts 3, 6, 9, and 13)

"merely regurgitates the statute's language. There are not facts about use – the who, what and where." ECF No. 135 at 18. Fischer makes the same argument about the alleged violations of 18 U.S.C. § 2 associated with Counts 1, 3, and 14-16: "None of the counts list a single fact about who was aided and abetted, where, how, or when." *Id.* at 20. Fischer and Boele fundamentally misunderstand—or seek to contort—the law about specificity in charging instruments.

Well-established binding precedent holds that an indictment that charges an offense by tracking the statutory language and identifies all the elements is generally sufficient to call for a trial on the merits. *See United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976) ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). The indictment need not identify the particulars of how the offense is committed. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108-09 (2007) (indictment charging attempted unlawful entry into the United States, in violation of 8 U.S.C. § 1326(a), was not defective because it did not allege whether the substantial step was satisfied by defendant walking into an inspection area, presenting a misleading identification card, or lying to the customs inspector); *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (indictment was sufficient where it alleged that defendant mailed "obscene" material in violation of 18 U.S.C. § 1461 but did not identify the allegedly obscene materials).

In *United States v. Phomma*, 561 F. Supp. 3d 1059, 2021 U.S. Dist. LEXIS 175489 (D. Or., Sept. 15, 2021), the district court rejected a sufficiency challenge to an indictment charging a violation of 18 U.S.C. § 231(a)(3) in a similar manner to the indictment here. Like the indictment in this case, the *Phomma* indictment alleged that the offense was committed on or about a specific date (there, August 26, 2020), and that the offense was committed in a specific district (there, the District of Oregon). *Phomma*, 2021 U.S. Dist. LEXIS 175489 at *18. The court found that although

the indictment "[did] not allege the specific facts of the defendant's conduct," it "track[ed] the wording of the statute." *Id.* at \*20. This was enough for the indictment to survive a sufficiency challenge because that statutory wording "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* (quoting *Hamling*, 418 U.S. at 117. Indeed, as the court noted, "bare-bones" charging instruments, which merely recite the statutory language, are "common" and "entirely permissible" in such circumstances. *Id.* (citing *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)). Applying similar reasoning, every judge on this District Court who has considered a similar motion—and there have been many— arising out of the attack on the Capitol has reached the same conclusion. *See, e.g.*, *United States v. Williams*, No. 21-cr-618 (ABJ), ECF No. 55 at 2, 5-15 (D.D.C. June 22, 2022) (also citing other cases); *United States v. Sargent*, No. 21-cr-258 (TFH), ECF No. 50 at 4-12 (D.D.C. Apr. 14, 2022) (also citing other cases).

Although some cases involve a crime "that must be charged with greater specificity," *Resendiz-Ponce*, 549 U.S. at 190, this is not one of them. The paradigmatic example comes from *Russell v. United States*, 369 U.S. 759 (1962), where the defendant was charged under a statute that makes it a crime for a witness called before a congressional committee to refuse to answer any question "pertinent to the question under inquiry." 2 U.S.C. § 192. The indictment's failure in *Russell* to identify the subject of the congressional hearing rendered it insufficient because "guilt" under that statute "depend[ed] so crucially upon such a specific identification of fact." *Russell*, 369 U.S. at 764. That feature is not present here because guilt under Section 231(a)(3)—or under any of the other charges that the defendant here faces—does not depend on any such "specific identification of fact." *See Resendiz-Ponce*, 549 U.S. at 110 (not applying *Russell* to the illegal re-entry statute at issue in that case because guilt did not turn upon "a specific identification of fact");

*Williamson*, 903 F.3d at 131 (not applying *Russell* to statute criminalizing threats against federal officers); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 153 n.17, 154-56 (D.D.C. 2017) (not applying *Russell* to statute criminalizing use of firearms in connection with drug trafficking crimes).

Each of the counts in the second superseding indictment—including Counts 1, 3, 6-7, 9, 11, and 13-16—alleges the date of the offense, the location of the offense, the alleged defendant, and the elements of the statute that the defendant violated. ECF No. 54. This is sufficient. The burden of proof the defense seeks for the government to show is one that occurs at trial. Section 231(a)(3)'s statutory language alone incorporates sufficient factual specificity.

Moreover, the second superseding indictment did not even need to include an 18 U.S.C. § 2 (aiding and abetting) charge <u>at all</u>, for any count, for the government to argue that theory to the fact-finder. *United States v. Grider*, 2022 U.S. Dist. LEXIS 230569, *41-42 (D.D.C. Dec. 21, 2022) (citing *United States v. Kegler*, 724 F.2d 190, 201, 233 U.S. App. D.C. 58 (D.C. Cir. 1983)). Nevertheless, here the grand jury went beyond the minimum requirement and specifically charged aiding and abetting in Counts 1-5, 7-8, 10-12, and 14-16. ECF No. 54. The issue is whether the government's presentation of an aiding and abetting theory at trial would create an "unfair surprise" to the defendant,[3] *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984), and the defendants can show no such surprise here because the second superseding indictment specifically charges 18 U.S.C. § 2 where the government intends to employ an aiding and abetting theory. *See* ECF No. 54. Consequently, the defendants' contention that the second superseding indictment

---

[3] Although the United States Court of Appeals for the D.C. Circuit has not addressed this issue, most federal Courts of Appeals hold that a factfinder may rely on an aiding-and-abetting theory so long as the factfinder's reliance on such a theory does not result in an "unfair surprise" to the defendant. *See, e.g.*, *United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984) (collecting cases).

needed to be pleaded with greater factual specificity than a comparable case where 18 U.S.C. § 2

isn't charged at all is contrary to law and nonsensical.

Finally, just as Judge Berman Jackson noted in *Williams*, "[t]here has been extensive

discovery in this case, but in the event there is any lingering confusion about the particular facts

underlying the charged offense, the remedy would be a request for a bill of particulars, not

dismissal." No. 21-cr-618 (ABJ), ECF No. 55 at 15 (citing *United States v. Butler*, 822 F.2d 1191,

1193 (D.C. Cir. 1987) (an indictment should be "stated with enough precision" to allow the

defendant to understand the charges and prepare a defense, and if it is not, a bill of particulars may

be required); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (the court should grant such

motions when "necessary to prevent unfair surprise at trial"); *see also Ballestas*, 795 F.3d at 148

(dismissal of an indictment is to be granted "only in unusual circumstances.")).

Accordingly, the Court should deny the defendants' motion on specificity grounds.

**B. The Defendant's *Ex Post Facto* Challenge Is Unpersuasive.**

Boele also argues that criminalizing his January 6 conduct under Section 231(a)(3) is an

improper *ex post facto* application of the law. *See* ECF No. 131 at 22-26. This is not a novel

argument. Other defendants in a similar procedural posture have raised similar claims and all have

been rejected.

Judicial interpretation of a criminal statute may not apply retroactively if the interpretation

is "unexpected and indefensible by reference to the law which had been expressed prior to the

conduct in issue." *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964). In other words, "an

unforeseeable judicial enlargement of a criminal statute, applied retroactively" is unconstitutional.

*Id.* at 353. Generally, to prevail on an *ex post facto* challenge, a defendant must show some break

with precedent. *See, e.g., Williams v. Filson*, 908 F.3d 546, 577 (9th Cir. 2018); *accord United States v. Griffin*, 549 F. Supp. 3d 49, 58 (D.D.C. 2021).

Here, Boele has failed to identify any precedent supporting his reading of Section 231(a)(3). Indeed, it is Boele's reading of the statute that appears to be novel. As Judge Colleen Kollar-Kotely held in *United States v. Griffith*, 2023 U.S. Dist. LEXIS 18990, *10-11 (D.D.C. Feb. 6, 2023), Section 231(a)(3) is not "susceptible of more than one meaning." *Id; see also United States v. Grider*, 617 F. Supp. 42, 54 (D.D.C. Jul. 29, 2022). When "[t]he statutory text is plain, [] that is enough to satisfy due process." *United States v. Caldwell*, 581 F. Supp. 3d 1, 33 (D.D.C. Dec. 20, 2021) (rejecting an *ex post facto* challenge to Section 1512(c)(2) in a January 6 case).

Just because Boele "has allegedly violated a rarely charged statute," or that the government has only recently applied Section 231(a)(3) to conduct such as Boele's (and Fischer's) at the United States Capitol on January 6, "does not mean that the construction of the statute unfairly blindsided him." *See Griffin*, 549 F. Supp. 3d at 58; *see also United States v. Mostofsky*, 579 F. Supp. 3d 9, 2021 WL 6049891 at *11 (D.D.C. Dec. 21, 2021) (rejecting an *ex post facto* challenge to Sections 1752(a)(1) and (2) in another January 6 case); *United States v. Nordean*, 579 F. Supp. 3d 28, 52 (D.D.C. Dec. 28, 2021) (rejecting an *ex post facto* challenge to Section 1512(c)(2) in a January 6 case). "[T]he government is not required to point to a prior 'fundamentally similar' prosecution to provide fair warning." *Caldwell*, 581 F. Supp. 3d at 33 (citing *United States v. Lanier*, 520 U.S. 259, 270-71 (1997)). In contrast, "there was no prevailing practice of courts forgoing or rejecting the interpretation that the Government now advances," *Griffin*, 549 F. Supp. 3d at 58 (applying the same logic to an *ex post facto* challenge to Section 1752 in another January 6 case), so Boele cannot and has not made the required showing of a break with precedent. *See Williams*, 908 F.3d

at 577; *accord Griffin*, 549 F. Supp. 3d at 58. Consequently, Boele's assertion that Count 1 represents an unconstitutional *ex post facto* application of the law fails.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny Boele and Fischer's motions to dismiss, ECF Nos. 131 and 135.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania State Bar No. 320922
601 D St., NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov