UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | Case No. 1:22-CR-00011 (RJL) |
| ) | |
| ALAN FISCHER III,                      ) | |
|     also known as "AJ,"                ) | |
| ) | |
| Defendant.                             ) | |

**DEFENDANT'S UNOPPOSED  BY PRETRIAL SERVICES AND AUSA OPPOSED MOTION FOR APPROVAL TO TRAVEL OUTSIDE THE CONTINENTAL U.S.**

Comes now the Defendant, ALAN FISCHER III, by and through undersigned counsel, and respectfully moves this court pursuant to this Court's ECF No. 42 Conditions of Release Order under 18 U.S. C. Section 3142 to approve his travel outside the continental United States to the U.S. Territory of Puerto Rico from November 8 - 12, 2023 to attend a wedding. The D.C. Pretrial Services Agency supports this motion as being within reason and allowable since Mr. Fischer is in full compliance with release conditions. The AUSAs oppose it based on no rules or policy. Since the AUSAs have been afforded notice of this motion since September 27, 2023 and were afforded time to align their position with the rules and policies related to pretrial release under the Bail Reform Act, Mr. Fischer also respectfully requests a Court minute order where they must respond no later than Friday October 6, 2023, with any reply due by October 10, 2023 to support a Court decision where travel tickets may be purchased soon while direct flights are still available and affordable. Mr. Fischer supports his request as follows:

**I.      INTRODUCTION**.

Mr. Fischer requests this Court's approval to travel to the U.S. Territory of Puerto Rico with his fiancée and their newborn baby, who will be approaching two months of age at the time of travel, to attend a wedding. Mr. Fischer's fiancée  will be in the wedding party as a bridesmaid.

The bride is one of her best friends. They must arrive prior to the wedding for rehearsals and the wedding itinerary that covers multiple days. As most people know, a wedding is not just a few hours' event for those in the wedding party. Mr. Fischer will be attending events and also baby-sitting during any agenda events involving only the bride's wedding party. His overall presence is essential for travel with their baby and to support his fiancée as her partner. Mr. Fischer's reasonable request is for five days, where two of the days are bookends for travel.

AUSA Gordon, with AUSA Lederer's silence indicating agreement, opposes this reasonable request because he sees this is a vacation, where he wrongly infers that vacations are prohibited for defendants on pretrial release. D.C. Pretrial Services confirmed that vacations, weddings, family reunions, and most general reasons for travel are acceptable, whether in or outside the continental U.S., when the defendant has been compliant with conditions of release and provided no violations as cause for a judge to deny travel. There is no set time restriction for travel. Travel overseas either in or outside of U.S. territories is allowed with the Court's permission as designated in the release conditions set by the Court (ECF No. 42), where Mr. Gordon's objections are not based on any laws, rules, or policies.

Mr. Gordon's written opposition in email stated that he will not reconsider because he judges that five days is too long for the trip; no wedding requires more than a few hours' attendance where Mr. Fischer must reduce his days in Puerto Rico to just the wedding day to possibly receive any AUSA support for this motion; and Mr. Fischer is not allowed a vacation, in the event this were a vacation. By Mr. Gordon's judgment, Mr. Fischer's fiancée and baby must be punished where she can either drop out of the wedding party or travel alone with their newborn baby with no assistance by the baby's father.

**II.      FACTS**.

1. Mr. Fischer resides in Florida, and he is in full compliance with his conditions of release.

2. He is not on home confinement; and his Pretrial Services Officer adjusts his curfew and approves any travel outside the Middle District of Florida within the continental United States (CONUS) without any approval or consent of the DOJ / AUSAs.

3. Mr. Fischer is not and has not been declared a flight risk. Mr. Fischer turned over his passport as ordered. He has a newborn baby and a fiancée who normally works full time, and where wedding plans for their continued life together are underway. Any claim of flight risk arises only from a vivid, mean-spirited imagination. Nothing makes Puerto Rico conducive to flight by Mr. Fischer. His life is at home in Florida with his future bride, their newborn baby, and his nearby family.

4. Mr. Fischer and his fiancée (who was pregnant at the time) during approved CONUS travel were previously pulled out of line by the TSA and held for a lengthy, invasive search with questioning because the FBI told the Department of Homeland Security to place Mr. Fischer and his fiancée on the terrorism watch list. Hundreds of other January 6 defendants who have not been convicted are on the terrorist watch list because of the DOJ's abuse of the "Patriot Act" where defendants are investigated by the FBI as domestic terrorists because they are conservatives.

5. January 6th defendant travelers must allow for extra hours at the airport because of TSA semi-custodial questioning, with invasive searches of their persons and every item of their carry-on luggage. Upon presenting their boarding passes, they are swarmed by TSA agents because Patriot Act abuse causes their boarding passes to carry the "SSSS" marking of a suspected terrorist. They must suffer further humiliation because they are followed in the airport and then in front of all passengers at the departure gate are again searched, along with their carry-on luggage before

3

boarding. The DHS / TSA in this process designate family members and fellow travelers as suspected terrorists to be custodially questioned, with body and luggage searches, despite their not having been in Washington, D.C. on January 6, 2021.

6. In Mr. Fischer's case, his fiancée who was nowhere near Washington, D.C. on January 6, 2021 is now marked as "SSSS" on her air travel boarding passes - meaning she is on the terrorist watchlist. She must allow extra hours at the airport before the flight, and will be swarmed at the TSA checkpoint for questioning and search before entry to the terminal's secure gate area. She will despite carrying a newborn baby again be questioned, with search of every carry-on item in full public view at the boarding gate. This will occur on her travel to and from Puerto Rico, with a newborn, in November 2023 as she serves as a bridesmaid in a lifelong friend's wedding party.

7. On the upcoming trip, Mr. Fischer and his fiancée will be traveling with their two month old baby; and he will assist with attending to their baby while also sharing the illegitimate harassment, public embarrassment, and delay in reaching and boarding the flight that is in store because of the DOJ's abuse of the Patriot Act.

8. Pretrial Services has no rule or policy that limits travel time to less than what Mr. Fischer is requesting in the instant motion.

9. Mr. Gordon wrote that five days, even when two of the days are bookend travel days where a newborn is in the travelling party, is too long to attend a wedding in Puerto Rico where the baby's mother is in the wedding party.

10. The AUSAs have been aware of this pending motion since September 26, 2023, and after refusing to change their position, wrote that they would submit a response as soon as possible.

11. There are no hours of research for legal standards required of the AUSAs for their response to this motion since no law, policy, rule, or action supports their opposition.

**III.    LEGAL STANDARD.**

The Bail Reform Act forms the basis for pretrial release with or without conditions. The pertinent part is 18 U.S.C. § 3142 that allows the judge to set release conditions, which are required to be the least restrictive necessary, to ensure the defendant appears for court and reduces any threat to the community. Judges may modify release conditions. A standard release condition for this District for January 6th defendants is that any travel outside CONUS (O'CONUS) requires Court approval.

D.C. Pretrial Services' policy considers compliance with release conditions as the main factor for recommending approval for O'CONUS travel for a defendant. The overall policy for travel supports approval, especially for a defendant who is not home confined as a flight risk or community danger (such as prior history with running a drug network or operation).

Pretrial release conditions are not punishment for defendants - who are presumed innocent under the Bail Reform Act.

**IV.    ARGUMENT.**

The Court should grant the motion for travel because Mr. Fischer's request for travel is reasonable, within policy regarding O'CONUS travel, he has followed all requirements of his Pretrial release conditions, he is not a danger to anyone, and he is not a flight risk.

Travel to Puerto Rico is the same as traveling to a U.S. state except that it is not part of the mainland. His five days of travel will support his soon to be wife for life, and assist with their newborn baby's needs. This is a benign travel request for a joyous event.

Anyone who has seen *parents traveling* with a very young baby understands the difficulties of securing and attending to the baby. This includes handling luggage and carry-on items for the baby; changing, feeding, and calming the baby; protecting the baby; and navigating ground

transportation with luggage and a baby. Solo travel by air by a mom with a two month old baby approaches the impossible with overcrowded airports, gates, and planes that involve pushing and rude, inattentive people slamming their luggage into others. Mr. Fischer's fiancée must go through the TSA's interrogation and searches identified in the Facts section above - this time with a newborn where more than ever Mr. Fischer's help as the father is required.

Mr. Fischer's presence is key for the travel: to assist with care and security of their baby throughout, and to ensure his fiancée can share and participate in the joyous event of a best friend's wedding.  They have been friends since childhood who grew up together in the northeast. There is nothing controversial about this short period of travel..

There is no legal or policy basis for the AUSA opposition, which directly contradicts the Pretrial Services' policy with standards that support such reasonable travel. There are no behavioral violations of release conditions that support AUSA opposition. For this Court's decision, the Pretrial Services input that supports this motion for reasonable travel should outweigh the AUSA's unfounded opposition.[1]

Mr. Fischer's family describes him as a loving, wonderful father. He assumed all duties as a Christian father where within his values he lovingly cherishes and supports his future bride, and will always act in the best interests of their child. As a note, Mr. Gordon would not consider that Mr. Fischer's fiancée cannot travel without their baby given a feeding choice as is her right to decide. The recent anti-biology myth of male "chest-feeding" fails reality and will not work here should the AUSA have fallen for such disinformation. Denying Mr. Fischer's reasonable request will in effect cause his fiancée to either have to abrogate the bridesmaid's position for a best friend

---

[1] Ms. Robinson of D.C. Pretrial Services explained the policies and gave consent as described for this motion on October 2, 2023.

to allow travel with Mr. Fischer as her partner and father of their child, or to not travel at all if the travel must be alone with their newborn. Either way, this will create significant emotional distress when instead approval leaves everyone happy and able to be part of a joyous wedding.

Because the AUSAs' opposition ignores policy and rules while they superimpose their own judgment, the Court should deny the AUSAs' attempt to rain on the happy parents' parade, and grant this Motion. The AUSAs also should not be allowed to impose harm by delaying their response where airfare price increases and lack of nonstop flights can occur. When asked, it took the AUSAs minutes via email by Mr. Gordon to say they oppose. Such a rapid response infers possession of known support for their opposition. Regardless of whether the AUSAs' opposition and response is a planned opportunity for yet another public bashing of Mr. Fischer to further poison the future jury venire, and to unjustly assassinate his character before this Court, because they had notice of this motion without just cause to oppose, the AUSAs should be ordered to respond by Friday, October 6, 2023. This is days longer than it took them to say "no" to consenting.

V.     **CONCLUSION**.

Because there is no legal policy or rule basis that supports the AUSAs' opposition to this reasonable motion's request for Court approval of travel - and as confirmed with D.C. Pretrial Services who consents to the motion - the Court should require the AUSAs to respond by October 6, 2023, and then grant the motion for the short travel period to Puerto Rico.

Wherefore, Mr. Fischer respectfully requests that for good cause shown and for any reasons the Court sees fit, this honorable Court issue the attached proposed minute order for Response and Reply timings, and then grant this motion for him to travel to Puerto Rico from November 8 -12, 2023 so he may expeditiously arrange his flights.

Dated October 3, 2023                          Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

CERTIFICATE OF SERVICE

On this 3rd day of OCTOBER 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney