UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-11 (RJL) |
| | : | |
| ALAN FISCHER, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT' FISCHER'S MOTION FOR APPROVAL TO TRAVEL OUTSIDE THE CONTINENTAL UNITED STATES

The United States of America hereby responds to Defendant Alan Fischer's Motion (ECF No. 156) and respectfully requests this this Court deny Defendant's request to travel to Puerto Rico.

FACTUAL BACKGROUND

On January 6, 2021, Defendant Fischer descended on the United States Capitol Building grounds where he obstructed and assaulted officers assigned to protect the Capitol during certification of the 2020 election.[1] Fischer's is charged with violations of 18 U.S.C. § 231(a)(3) (Civil Disorder) (two counts); 18 U.S.C. § 111(a)(1), (b), and 2 (Assaulting Federal Officers with a Dangerous Weapon); 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon); 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in

---

[1] In addition to the summary above, the government relies on the facts of the Defendant's conduct during the attack on the U.S. Capitol set forth in several prior filings. See ECF 9 (Affidavit in Support of Complaint); 150 and 151 (Government's Opposition to Defendants' Motion to Sever).

1

a Restricted Building or Grounds with a Deadly or Dangerous Weapon); and 40 U.S.C. § 5104(e)(2)(F) and 2 (Act of Physical Violence in the Capitol Grounds or Buildings). Despite having committed acts of violence, Fischer was allowed to remain on release pending trial, but subject to certain conditions, including a curfew and no travel outside the continental U.S. without Court approval. *See* ECF No. 43.

## APPLICABLE AUTHOIRTY

When determining what pretrial conditions must be imposed, a court considers (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his or her history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his or her release. 18 U.S.C. § 3142(g). This purpose of conditions is to reasonably assure the appearance of a defendant, as required, and to protect the safety of any other person in the community. A court is within its discretion to weigh the Bail Reform Act factors and deny a modification to those conditions, such as a travel request. See, *United States v. Jason Owens* 21-cr-286-BAH (denying a defendant's work related request to go to Mexico and stating, "his international travel to harvest the bounties of such success will need to wait until he is no longer facing felony charges arising from ill-advised domestic travel in January 2021."); *United States v. Anthony Williams*, 21-cr-377-BAH (denying a defendant's request for vacation, the court found the travel to be "non-essential" especially in light of the fact the defendant was "awaiting judgment for his actions"; therefore, the defendant had "surrendered his entitlement to unfettered international travel" after storming the Capitol); and *United States v. Danial Adams*, 21-cr-84-PFL (denying a defendant's motion to travel to Mexico). Defendant Fischer now asks this Court to amend so that he may travel to Puerto Rico for five days for a wedding. The Government opposes Defendant's request.

2

## ARGUMENT

All four 3142(g) factors weigh strongly against permitting the Defendant to travel to Puerto Rico. First, the nature and circumstance of the offenses charged weigh heavily against allowing travel. Defendant Fischer was not a mere trespasser, he pushed, in a concerted effort with other Tampa Proud Boys, against officers pinned in a small area of the Lower West Terrace (LWT). During a break in his assaultive conduct, Fischer stood on the Inaugural stage and flashed white power gestures before reengaging with officers in the LWT by pushing the officers with their own riot shield. Afterwards, Fischer threw a chair, pipe, and a cone at officers. The evidence supporting this alleged conduct is overwhelming. Defendant Fischer is captured in both open-source and CCTV video creating civil disorder and assaulting officers. Due to his violent conduct, Fischer is charged now with six felonies and his travel should wait until those are resolved.

Furthermore, each felony charge exposes Fischer to a significant penalty and therefore creates a risk of flight. Though Defendant Fischer's criminal history is minimal, his present offenses demonstrate Fischer has a profound disrespect for the rule of law. Contrary to Defendant Fischer's claim that "nothing" about Puerto Rico is conducive to flight, multiple January 6 defendants have absconded, while on pretrial/presentencing release, from their own backyards.[2] It is difficult to conceive of someone who poses a greater threat to any community than someone who would readily assault police officers to stop the peaceful transfer of power between presidential administrations -– and this defendant previously traveled to do so.

The government also notes that defendant's motion includes rampant speculation, vitriol, and false accusations regarding numerous topics such as the government's supposed position on

---

2 Christopher Worrell (21-cr-292-RCL) absconded from house arrest, in Florida, as he awaited sentencing.  Taylor Taranto (23-cr-229-TNM) absconded on the day of his trial and was later arrested near the Vice President's residence with weapons.

3

chest feeding and the selection of this defendant for prosecution. These imaginative claims make it difficult to credit defendant's other factual assertions, even those sounding reasonable on their face.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant Fischer's motion to sever be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Rebekah E. Lederer*_____
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania State Bar No. 320922
601 D St., NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ Michael M. Gordon*_____
MICHAEL M. GORDON
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov