UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:22-CR-11 (RJL) |
| v. | : | |
| | : | |
| ALAN FISCHER, III, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR EVIDENTIARY INQUIRY AT UPCOMING STATUS CONFERENCE**

Recently the Court granted—over the government's objection—the defendant's Motion for Approval to Travel Outside the Continental U.S., ECF No. 156. *See* 10/11/23 Minute Order. Soon after the Court's Order, D.C. Pretrial Services filed a Pretrial Violation Report indicating that, from Probation's perspective, the defendant's motion to travel relied on material misrepresentations. *See* ECF No. 159. Specifically, D.C. Pretrial Services' report suggests that the defendant misled the Court by claiming that (1) D.C. Pretrial Services approved the defendant's request when it had not; (2) Middle District of Florida (MDFL) Pretrial Services approved the defendant's request when it had not; and (3) the defendant had fully complied with all of his release conditions to date when he had in fact violated curfew on multiple occasions. *See id.* In response, the defendant filed a "rebuttal" asserting that none of D.C. Pretrial Services' complaints were true, demanding that the Court strike the Pretrial Violation Report, and asking the Court to remove the curfew from the defendant's release conditions. *See* ECF No. 161.

These are not minor issues. The defendant (or defendant's counsel) allegedly misled the Court. If so, the Court should reconsider its ruling granting the defendant's motion to travel— pretrial release is at the Court's discretion, and the defendant should not benefit from

1

misrepresentations.[1] Alternatively, if the Court credits defense counsel over D.C. and MDFL Pretrial Services, the Court must determine whether to strike the Pretrial Violation Report and eliminate the requirement that the defendant abide by a curfew and submit to electronic monitoring, as the defendant has requested. *See* ECF No. 161 at 14. Thus, the government believes a factual inquiry is appropriate.

Even if the Court is ultimately satisfied with the defendant's (or his counsel's) representations, the government nevertheless opposes either requested form of relief. It is neither necessary nor advisable for the Court to strike Pretrial Services' report from the record. As the Court well knows, such reports are the standard mechanism Pretrial Services uses to report and refer issues to the Court. The Court can take no action in response to the report without "striking" the report from the record. Indeed, a complete record for purposes of any future compliance issues would necessarily include consideration of Pretrial Services' prior reports.

Nor should the Court remove the curfew requirement. This is the second time the defendant has asked the Court to eliminate his curfew, *see* ECF No. 61, and the Court should deny this motion for the same reasons it denied the first one, *see* 7/21/22 Minute Order. As before, the defendant has failed to make the required showing. He has not identified a material change in circumstances

---

[1] Submitting falsehoods to the Court can be a basis for sanctions. Under Rule 3.3 of the Rules of Professional Conduct, a lawyer shall not knowingly "(1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer…" D.C. R. Prof. Conduct, Rule 3.3(a)(1). Violations of Rule 3.3 are grounds for sanctions in the District of Columbia. *See In re Tun*, 195 A.3d 65, 73 (D.C. 2018) (providing a sanction for an attorney who "drafted and filed a motion that contained a false statement" after it was proven he did so intentionally, and who further violated Rule 8.4(c))*; United States v. Williams*, 952 F.2d 418, 421-22 (D.C. Cir. 1991) (finding that the court was authorized to impose sanctions after a brief contained at least five material misstatements but deciding to limit itself to publicly reprimanding the author due to her relative inexperience).

that has occurred or new information that has become available justifying modifying his conditions of release, as he must under 18 U.S.C. § 3142(f).

Even if the Court reaches the merits of the defendant's request, the Court should deny it on those grounds as well. As the government described in its opposition to the defendant's first motion to eliminate his curfew requirement, the defendant is accused of attacking three different groups of police officers on January 6, including hurling chairs and a pole at them. *See* ECF No. 71; *see also United States v. Fischer III*, 8:22-mj-1043-JSS, ECF No 1. At the defendant's initial appearance in the Middle District of Florida, the presiding magistrate judge found that the defendant presented both a risk of flight and danger to the community, and accordingly she ordered that he be detained pending trial. *Fischer III*, 8:22-mj-1043-JSS, ECF No 7 at 2. This Court, however, has allowed the defendant to remain on pretrial release and come and go during the day as he pleases. *See* ECF No. 43. The curfew restriction is the minimum condition necessary in light of the violence the defendant engaged in on January 6 and the danger that the defendant poses. The purpose of the curfew is to make sure defendant is not absconding and not leaving the district – as he did to travel to Washington, D.C., in advance of the January 6 riot. The curfew ensures that the defendant is back at his residence on a daily basis.

At the upcoming status conference or soon after, the government asks this Court to inquire as to the discrepancies between D.C. and MDFL Pretrial Services' accounts and the defendant's (through his counsel). *Compare* ECF Nos. 156, 158, 161 *and* 159. If after those inquiries the Court is not satisfied by the defendant's (or his counsel's) statements, the government respectfully requests that the Court, at minimum, reconsider its ruling on the defendant's motion to travel, ECF No. 156.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Senior Trial Counsel, Capitol Siege Section
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania State Bar No. 320922
601 D St., NW
Washington, D.C. 20530
(202) 252-7012
rebekah.lederer@usdoj.gov