UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22CR0011-RJL |
| ) | |
| ) | |
| ALAN FISCHER III, ) | |
| ) | |
| ) | |
| Defendant, ) | |
| _____ | |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S AFFILIATION WITH THE PROUD BOYS**

The Defendant, **ALAN FISCHER III**, through undersigned counsel, files this request that this Honorable Court enter an order preventing the prosecution from introducing any evidence in its case in chief concerning the defendant's affiliation with the Proud Boys. In support of which counsel the states the following:

    A. **Legal Predicate**

    B. **Relevance**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

1

Fed.R.Evid. 401. Even if relevant, Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See *United States v. Iskander*, 407 F.3d 232, 238 (4th Cir. 2005); *United States v. Bell*, 1999 WL 25552 at *6 (4th Cir. 1999); *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). Assuming <u>arguendo</u> that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on Fischer. If this evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the defendant of unfair prejudice. *United States v. Johnson*, 893 F.2d 451 (1st Cir 1990); *United States v. Fields,* 871 F.2d 188 (1st Cir. 1989); Rule 403, Fed.R.Evid.

    A. **FRE 404(b)**

The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. FRE 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the

> accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Allowing evidence of specific acts of misconduct of extraneous offenses to be introduced before the jury without first determining their admissibility would prejudice the jury and deprive Fischer of a fair trial. U.S. Const. Amend. V, VI, and XIV, sec. 2.

> FRE 404(b) prohibits "evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith." It permits such evidence for purposes unrelated to the defendants' character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b). Compliance with FRE 404(b) does not itself assure admission of the other crimes evidence. If the defendant moves under Rule 403, the court may exclude the evidence on the basis that it is "unfairly prejudicial, cumulative or the like, its relevance notwithstanding." *See Old Chief v. United States,* 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The Supreme Court made much the same point in *Huddleston v. United States,* 485 U.S. 681, 688, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988): if evidence is offered for a proper purpose under Rule 404(b), "the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.". FRE 404(b) is "the opportunity to seek . . . admission," rather than admission itself. *Crowder*, 141 F.3d at 1206. Although evidence of a prior bad act is relevant to a non-propensity purpose, it is nonetheless inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." FRE 403.

3

I. Argument

    A. **Evidence of the Defendant's Affiliation with the Proud Boys is Not Relevant and Highly Prejudicial.**

In the instant case, the government has disclosed information evidencing the Fischer's affiliation with the Proud Boys. The Proud Boys is, as the name implies, an exclusively male North American fraternal organization. The Proud Boys are known for their opposition to left-wing groups, such as BLM and Anitfa, and for their support of former U.S. President Donald Trump. It also advocates political positions conservative in nature.

The Defendant is affiliated with the Proud Boys. The government has disclosed that the FBI has interviewed a witness who knows Fischer from Proud Boy events in the Tamp/St. Petersburg, Florida area. Moreover, agents have identified a group of people who hold themselves as Proud Boys who were observed at various locations around the Capitol on January 6, 2021. photos and video recordings of Fischer with the Proud Boys. The government alleges that Fischer "marched" with the Proud Boys and stopped at a food truck outside the Capitol. Finally, the government alleges Fischer displayed a hand gesture associated with the Proud Boys.

Notably, the defendant is not charged with any conspiracy offenses. On the contrary, the indictment filed in this matter charges several distinct substantive offenses none of which requires the government to establish

Fischer's affiliation with any group. There is simply no relevance to any affiliation or connection the defendant has to the Proud Boys or any affiliated group.

The only purpose for offering any evidence concerning the Fischer's affiliation with the Proud Boys is to distract the jury from the issues the jury needs to decide. Such evidence would be highly prejudicial. Any evidentiary value to such evidence is clearly outweighed by prejudice under FRE 403.

### B. Evidence of Fischer's Affiliation with the Proud Boys is Impermissible Bad Character Evidence.

Considering the limited nature of the charges against the defendant there can be no legitimate purpose for introducing any evidence concerning his affiliation with the Proud Boys other than to establish bad character on his part. It would interject politics into a judicial matter that should be void of any such considerations. The great danger of such evidence is a threat to the jury's ability to adjudicate the matter purely on the facts. Absent any relevant purpose this evidence should not be allowed.

### II. Conclusion

Based on the foregoing arguments and authorities, this Court is respectfully urged to preclude any attempts by the government to admit any evidence of the defendant's affiliation with the Proud Boys.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Alan Fischer III
Bar No: 348694
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
gpallas@beckhamsolis.com

By:/s/ *George T. Pallas*
     GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ

6